

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 1 3 2011

CLERK, U.S. DISTRICT COURT
By _____
　　　　Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NOBLE LEE CLARK, §
　　　　　　　　　　　§
　　　　　Petitioner, §
　　　　　　　　　　　§
v. 　　　　　　　　　 §　　No. 4:10-CV-784-A
　　　　　　　　　　　§
RICK THALER, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
　　　　　　　　　　　§
　　　　　Respondent. §

MEMORANDUM OPINION
and
ORDER

　　　　This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Noble Lee Clark, a state prisoner currently incarcerated in Navasota, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

I. Factual and Procedural History

　　　　In 2009 petitioner was charged by indictment with possession of cocaine of one gram or more but less than four grams with intent to deliver (Count One) and possession of cocaine of one gram or

more but less than four grams (Count Two) in the 396th District Court of Tarrant County, Texas. (State Habeas R. at 80) The indictment also included a habitual offender notice. On March 31, 2009, pursuant to a plea agreement, the state waived Count One, petitioner pleaded guilty to Count Two, and the trial court assessed his punishment at twenty-five years imprisonment. (*Id.* at 83-90) Petitioner filed a state habeas application, raising the claims presented herein, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. *Ex parte Clark*, State Habeas Appl. No. WR-73,536-02, at cover.

## II. Issues

Petitioner raises two grounds for relief, wherein he claims that his guilty plea was not knowingly and voluntarily entered and that he received ineffective assistance of trial counsel. (Pet. at 7)

## III. Rule 5 Statement

Respondent does not allege that this petition is successive, barred by the statute of limitations, or unexhausted. (Resp't Ans. at 4)

# IV. Discussion

## *Legal Standard and for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Guilty Plea*

Petitioner claims that his trial counsel was ineffective by failing to conduct a factual and legal investigation of the case, refusing to advance petitioner's "only line of defense of illegal search and seizure," refusing to file a motion to suppress, giving petitioner erroneous advice, and pressuring petitioner to plead guilty, thus rendering his plea involuntary and unknowing. According to petitioner, he would not have pleaded guilty but for counsel's erroneous advice. (Pet. at 7; Pet'r Mem. at 4-18)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI. To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered unknowing or involuntary by showing that (1) counsel's

representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). In evaluating an ineffective assistance claim, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Strickland*, 466 U.S. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id*. at 689.

Once a guilty plea has been entered by a criminal defendant, all nonjurisdictional defects in the proceedings preceding the plea are waived, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Smith*, 711 F.2d at 682; *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981). Therefore, to the extent petitioner claims counsel failed to investigate the case before entry of his plea and unrelated to the voluntariness of his plea, the claim is

nonjurisdictional and is waived by the plea. *See United States v. Broce*, 488 U.S. 563, 573-74 (1989). To the extent petitioner claims his guilty plea was not knowing and voluntary because counsel pressured him to plead guilty based on erroneous advice, petitioner "must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Tollett v. Henderson,* 411 U.S. 258, 266 (1973) (quoting *McMann v. Richardson,* 397 U.S. 759, 771 (1970)).

The state habeas judge, who also presided over the plea proceedings, held a hearing by affidavit. Petitioner's trial counsel, Kenneth Gordon, submitted an affidavit with supporting documentation, wherein counsel testified as follows:

> Noble Lee Clark has filed a post-conviction writ asserting his plea of guilty to possession of cocaine was involuntary because the police had no right to search his vehicle after his arrest. In his affidavit, Mr. Clark declared that he was arrested for misdemeanor assault. He said the police had no right to arrest him without a warrant for assault and therefore the search of his vehicle was illegal. He has asserted that I failed to properly advise him about the case against him, that I failed to investigate the facts of the case and that I did not file a motion to suppress the drugs found in his car.

> The police report indicated that Noble Lee Clark was arrested for aggravated assault with a deadly weapon on March 10, 2009. The arrest was based on a 911 call to the Fort Worth Police from Christina Lashon Oaks during which she said that Mr. Clark was chasing her on Trail

Lake Drive and hitting her vehicle with his car. She told the operator that she was in the parking lot of the Fort Worth Police substation on Trial Lake and that Mr. Clark was ramming her car. Mr. Clark was in his vehicle and Ms. Oaks was in her vehicle when the police arrived. Officers talked to Mr. Clark and Ms. Oaks. The officers took photographs of Ms. Oaks and of both vehicles. There was visible damage to [the] side and rear of Ms. Oaks' vehicle and to the front and rear of Mr. Clark'[s] vehicle. Mr. Clark told officers that he and Ms. Oaks had just had an argument and that she pulled a knife on him. Based on their investigation, the officers arrested Mr. Clark for aggravated assault. When the officers searched Mr. Clark's automobile before it was towed, they discovered a prescription pill bottle with Mr. Clark's name on the label on the front seat. Inside the bottle were four individually packaged rocks of crack cocaine. The total weight of the cocaine was 1.46 grams. Mr. Clark was arrested for possession of the cocaine in addition to the aggravated assault. On March 26, 2009, Mr. Clark was indicted for possession of cocaine of more than one gram but less than 4 grams with intent to deliver as a habitual offender.

I was appointed to represent Mr. Clark on March 12, 2009. I obtained a copy of the complaint which accused him of possession with intent to deliver 1-4 grams of cocaine as a habitual offender. I then obtained a copy of the offense report. I also checked the criminal records of Tarrant County because the complaint alleged the prior convictions. In addition to the two felonies alleged, Mr. Clark had five other felony convictions including delivery of marijuana, aggravated sexual assault, indecent exposure to a child and theft. At that time, I expected he would be charged with the aggravated assault.

I went to see him in the Tarrant County jail on March 17, 2009. That interview lasted about one hour. I asked him to tell me what happened. Mr. Clark told me that Christina Oaks had previously made numerous

complaints of assault against him.  In February 2009, Ms. Oaks left him and went to stay with her mother. He told me that she assaulted him with a knife on February 12, 2009, and that he called the police and then went to the hospital.  He told me that he told his parole officer about this incident and that he took Ms. Oaks's prescriptions and showed then [sic] to his parole officer.

Mr. Clark told me that on March 10, 2009, he and Ms. Oaks argued because she was going to her mother'[s] house.  He told me she pulled a knife on him and then left in her car.  He said he rammed her car in the driveway and then followed her with the intent to call police.  He followed her to the police substation on Trail Lake Drive.  Mr. Clark said the pill bottle was his but he denied knowing the cocaine was in the pill bottle. He said Ms. Oaks must have planted it in his car earlier that day.

I told Mr. Clark that because he was arrested for aggravated assault, the search of his car was legal.  As I always do during an initial interview with any client, I told Mr. Clark that he would make three decisions and his choices would determine what I would do.  I first told him he had an absolute right to plead not guilty. I told him that if he elected to plead not guilty, I would try this case in a jury trial.  I told him he would have to decide whether to take the stand and testify or remain silent.  I told him that if we tried this case, he had to decide before trial whether to go to the judge or jury for punishment if he were convicted.  Mr. Clark understood that if he were convicted, the penalty range was 25 years to life.  I also told him that only he could testify about whether he knew about the drugs.  I told him that if he testified, the State would have the right to cross-examine him about his previous convictions.  I asked him if he thought the judge or jury would believe him if he testified someone else put the cocaine in the pill bottle and planted the pill bottle in his car.  Mr. Clark told me he didn't want a jury trial.  I asked him

if he wanted me to talk to the prosecutor about a plea bargain and he said he did.

When this case was set for an initial appearance, the prosecutor told me she would offer Mr. Clark the minimum sentence but that it would be available only that day. I told Mr. Clark he could accept the offer or reject it. I again told him that, in my opinion, the search of his car was legal and that the cocaine would be admitted into evidence. I asked him what he thought a jury would give him and he knew it would probably be a lot more than the 25 years being offered.

I did not find any record of any type of assault case ever being filed against Christina Lashon Oaks. The vehicle she was driving on March 10, 2009, was registered in the names of Mr. Clark and Ms. Oaks. He told me that they were married. The photographs of the two vehicles showed damage consistent with what Ms. Oaks told both the 911 operator and the police officers who responded to her call. Mr. Clark told me he did ram her vehicle but he said he did it when she was in the driveway at their house and not while they were driving on Trail Lake Drive.

Based on my investigation of the facts of this case, including my interview of Mr. Clark, it was my opinion there was probable cause to arrest Noble Lee Clark for aggravated assault or for assault causing bodily injury to a family member. Mr. Clark was arrested for aggravated assault by using his vehicle as a deadly weapon. Because the arrest was lawful, the subsequent search of his vehicle was lawful. The cocaine was inside a medicine bottle with Mr. Clark's name on the label. The bottle was found on the front seat of the vehicle Mr. Clark was driving. I did not file a motion to suppress because the search was not unreasonable or illegal. I have attached a copy of the Fort Worth Police report and the affidavit of Officer Vyers #4317.

(State Habeas R. at 39-46)

Finding counsel's affidavit credible, and in conjunction with the documentary record of the plea proceedings, the state habeas court adopted the state's Proposed Findings of Fact and Conclusions of Law. (*Id.* at 79) As reflected therein, the state court found petitioner was admonished in accordance with state law requirements, acknowledged by his signature that he understood the admonishments, was aware of the consequences of his plea, was mentally competent, and entered his plea knowingly, freely, and voluntarily. In sum, the state court found petitioner had failed to overcome the presumption that his plea was regular. (*Id.* at 48-51)

The state court further found counsel informed petitioner he had the right to plead not guilty and could accept or reject the plea offer, explained the options available to petitioner based on the merits of the state's case, believed, after investigating the facts of the case, probable cause existed for both petitioner's arrest and the search incident to the arrest, and expressed his opinion that due to petitioner's criminal history a jury would likely give him a greater sentence. (*Id.*)

Based on its findings, and applying relevant Supreme Court

precedent to petitioner's Fourth Amendment and ineffective assistance claims, the state court concluded petitioner had failed to prove he had a search and seizure defense, that counsel's advice was erroneous, that counsel's representation fell below the range of competence demanded of attorneys in criminal cases, or that his plea was not knowing or voluntary due to ineffective assistance of counsel. (*Id.* at 51-55) In turn, the Texas Court of Criminal Appeals denied relief without written order on those findings.

Upon thorough review of the record in this matter, the court finds that petitioner has not demonstrated by clear and convincing evidence that the state court's factual findings are objectively unreasonable or that the state courts' adjudication of his claims is contrary to, or an unreasonable application of, Supreme Court law. Probable cause is defined as "whether at that moment the arrest was made, the officers had . . . facts and circumstances within their knowledge and of which they had reasonably trustworthy information that was sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense." *Charles v. Smith,* 894 F.2d 718, 723 (5th Cir. 1990) (quoting *Beck v. Ohio,* 379 U.S. 89, 91 (1964)). "The existence of probable cause is determined by reviewing the totality of the

circumstances." *United States v. Antone,* 753 F.2d 1301, 1304 (5ᵗʰ Cir. 1985) (citing *Illinois v. Gates,* 462 U.S. 213, 238 (1983).

The circumstances leading to petitioner's arrest, as stated in the affidavit of Officer Vyers and attached police report, clearly establish probable cause for petitioner's arrest for aggravated assault and/or assault causing bodily injury to a family member as defined by state law. Tᴇx. Pᴇɴᴀʟ Cᴏᴅᴇ Aɴɴ. §§ 22.01 & 22.02 (Vernon Supp. 2010). Thus, petitioner's arrest was lawful.

Further, under Supreme Court law when petitioner entered his plea, once an officer made a lawful arrest of the occupant of an automobile he could, as a contemporaneous incident of that arrest, search the passenger compartment of the vehicle and could also examine the contents of any container found within the passenger compartment, whether open or closed. *See New York v. Belton*, 453 U.S. 454, 460 (1981); *Chimel v. California*, 395 U.S. 752, 753 (1969).[1] Thus, the search of petitioner's vehicle incident to his arrest was also lawful, and counsel was not ineffective by advising petitioner accordingly or by not filing a frivolous motion to suppress. *United States v. Gibson,* 55 F.3d 173, 179 (5ᵗʰ Cir. 1995). It necessarily follows that counsel's advice did not render

---

[1] The search incident to arrest exception was limited by the Supreme Court decision of *Arizona v. Gant,* 129 S. Ct. 1710 (2009), which was decided after the offense and plea proceedings in this case. The Supreme Court has not made *Gant* retroactive to cases on collateral review.

petitioner's guilty plea involuntary or unknowing.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED May _13_, 2011.

_____
JOHN McBRYDE
United States District Judge